Chief Justice Robertson
delivered the Opinion of the Court.
This is an action of covenant prosecuted by Thomas E. Warfield against Benjamin Curd, for an alleged breach of the warranty of soundness contained in the following agreement in writing, averred to have been a bill of sale, to the plaintiff, of a female slave, named Maria:—
“ Know all men by these presents, that I, Benjamin *319 “ Curd, of the county of Mercer, and State of Kentucky, “ have this day bargained and sold Thomas B. Warfield “ for the sum of two hundred and fifty dollars to me “ in hand paid—which negro is twelve years old, I “ warrant said negro to be sound in body and mind, “ and a slave for life.”
The circuit judge sustained a demurrer to the declaration, because, as we presume, he thought that the writing sued on does not show what was sold, nor to whom.
It is evident that the subject of sale and warranty was a negro slave; and extraneous proof of the identity of the slave intended by the parties would certainly be admissible, because it would not contradict the imperfect memorial in writing, and no writing was necessary to make such a contract binding.
The writing does not necessarily import that Thomas B. Warfield was the subject of the contract of sale and warranty—but rather implies that he was the covenantee—almost as certainly as if the language had been “ sold to Thomas B. Warfield” — thus filling up a common elipsis in popular style.
But extrinsic proof of the fact that he was, as averred in the declaration, the covenantee, would surely not contradict either the grammatical, popular, or legal import of the covenant; nor would it be making a party to the contract undisclosed by the written memorial of it— but would only he rendering that certain which prima facie is imported by the terms of the. writing itself.
Then, according to the declaration. Curd sold to Warfield a slave, and covenanted that that slave was sound. And, as the covenant does not identify the slave, there can be no doubt that parol evidence is admissible for applying to a particular slave, the general language warranting the soundness of a slave, sold by the covenantor to the covenantee, as shown by the writing itself.
This is not making a covenant not contained in the written memorial of the contract — it is only making the true application, of a plain covenant, to the proper subject matter of it.— 3. Starkie, 1000; Roberts on Frauds, 513.
*320 Wherefore, it is considered that the judgment of the Circuit Court be reversed, and the cause remanded, with instructions to overrule the demurrer to the declaration.